STAHLEX–INTERHANDEL TRUSTEE, REG., Plaintiff–Appellant,

v.

WESTERN UNION FINANCIAL SERVICES EASTERN EUROPE LIMITED, Formerly Known as Western Union Financial Services USSR Limited and Western Union Financial Services, Inc., Defendant–Appellee.

Docket No. 03–9317.

United States Court of Appeals, Second Circuit.

Oct. 5, 2004.

Michael A. Lacher, Lacher & Lovell–Taylor, New York, NY, for Plaintiff–Appellant.

Andrew P. Fishkin, Charles W. Stotter, Edwards & Angell, LLP, New York, NY, for Defendant–Appellee.

PRESENT: MESKILL, MCLAUGHLIN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Stahlex–Interhandel Trustee, Reg. ("Stahlex") appeals from a judgment of the United States District Court of the Southern District of New York (Sweet, *J.*) dismissing Stahlex's complaint against Western Union Financial Services, Inc. ("WUFSI") alleging fraud and breach of contract, and partially dismissing Stahlex's complaint against Western Union Financial Services Eastern Europe Limited ("WU USSR") also alleging fraud and breach of contract. Familiarity with the relevant facts, procedural history, and issues on appeal is assumed. We review the District Court's grant of summary judgment *de novo*. *Belfi v. Prendergast*, 191 F.3d 129, 135 (2d Cir.1999).

## BACKGROUND

In July 1991, Stahlex and WU USSR (a subsidiary of WUFSI) entered into a Consulting Agreement providing that, in consideration for identifying a partner in the Soviet Union and performing consulting services, WU USSR would pay Stahlex $100,000 and ten percent of WU USSR's annual net profit generated from a money transfer network in the Soviet Union.

At that time, WU USSR entered into a Joint Venture with Sberbank, a Soviet bank, to engage in money transfer operations. The Joint Venture was owned 60% by WU USSR and 40% by Sberbank. Later, the Joint Venture became a WUFSI agent. In 1992, Sberbank was replaced by another bank, Mezheconomsberbank. In 1993, another party, KOIN, acquired a 5% interest in the Joint Venture. In 1999, the Joint Venture bought out the 35% interest owned by Mezheconomsberbank and also purchased the 5% owned by KOIN, leaving WU USSR as the sole owner of the Joint Venture.

WU USSR paid Stahlex the $100,000 but made no subsequent payments because it allegedly operated at a loss. Stahlex pursued payment under the Consulting Agreement from WUFSI on the theory that, as the parent corporation, it was responsible for WU USSR's obligations. When WUFSI refused payment on the ground that WU USSR, not WUFSI, was party to the Consulting Agreement, Stahlex sued WU USSR and WUFSI alleging fraud and breach of the Consulting Agreement.

WUFSI moved for summary judgment to dismiss the fraud claim for failure to plead fraud with specificity and to dismiss the breach of contract claim arising out of the Consulting Agreement because it was not a party. WU USSR moved for summary judgment dismissing the fraud claim for failure to plead fraud with specificity and to dismiss the breach of contract claim for the period before 1993 (on statute of limitations grounds) and for the period after 1999 (due to the termination of the Consulting Agreement). Stahlex cross-moved for summary judgment to pierce the corporate veil extending liability to WUFSI as the parent corporation of WU USSR.

The District Court dismissed the fraud claims and the pre–1993 breach of contract claims. The District Court initially denied the motion for the period after 1999, because various documents in the record had not yet been translated; however, on reargument, the District Court granted this motion. The District Court denied Stahlex's motion. The District Court dismissed the breach of contract claim as against WUFSI. WU USSR and Stahlex entered into a voluntary settlement agreement for the period from 1993 to 1999, declaring the Consulting Agreement in effect but dismissing any claim for damages with prejudice. The District Court then entered a final judgment.

## DISCUSSION

On appeal, Stahlex raises three issues. First, Stahlex contends that the District Court improperly found the Consulting Agreement unambiguous. Second, the District Court improperly held the Consulting Agreement terminated in 1999. Lastly, the District Court prematurely dismissed WUFSI, precluding Stahlex's opportunity to pursue a "piercing the corporate veil" theory. Because we find that each of these contentions lack merit, we affirm.

■ The Consulting Agreement states, "Western Union (USSR) shall pay to the Company an amount (the "Annual Amount") equal to ten percent (10%) of the annual net income of Western Union (USSR) derived from the money transfer business in the USSR...." Stahlex claims this provision is ambiguous and the District Court improperly failed to consider extrinsic evidence to demonstrate that the parties intended Stahlex to receive ten percent of the profit from the money transfer business, from either WUFSI or WU USSR. This provision is unambiguous. It clearly states that WU USSR, not WUFSI, bears the obligation to pay Stah-

lex. It is well settled that courts "should not find the language ambiguous on the basis of the interpretation urged by one party, where that interpretation would 'strain[ ] the contract language beyond its reasonable and ordinary meaning.'" *Metro. Life Ins. Co. v. RJR Nabisco, Inc.,* 906 F.2d 884, 889 (2d Cir.1990) (quoting *Bethlehem Steel Co. v. Turner Constr. Co.,* 2 N.Y.2d 456, 459, 161 N.Y.S.2d 90, 141 N.E.2d 590 (1957)). The District Court properly enforced the Agreement according to its terms.

■ Turning to the second argument, Stahlex cites testimony purportedly demonstrating that the parties intended for the Consulting Agreement to be in effect as long as a money transfer network operated. However, the Consulting Agreement states, "The term of this Agreement shall commence on the date hereof and shall continue while the joint venture shall continue to operate." This provision is unambiguous, and the District Court, in interpreting it, was correct not to consider extrinsic evidence. *Metro. Life,* 906 F.2d at 889. A joint venture, as a matter of law, requires two or more parties and some degree of joint control. *Itel Containers Int'l Corp. v. Atlanttrafik Express Serv. Ltd.,* 909 F.2d 698, 701 (2d Cir.1990). In 1999, control of the joint venture was consolidated in one party, thereby terminating the joint venture and the Consulting Agreement. The District Court, therefore, correctly dismissed Stahlex's claims against WU USSR for the period after 1999.

■ Finally, Stahlex contends it was premature to dismiss WUFSI when the District Court stated that an issue of fact remained as to piercing the corporate veil between WU USSR and WUFSI. This issue is moot, because Stahlex has no valid claims against WU USSR. The District Court dismissed Stahlex's claims for the period prior to 1993 as time-barred, Stah-

lex settled with WU USSR regarding its claims for the period between 1993 and 1999, and for the reasons just given, the District Court properly dismissed Stahlex's claims for the period after 1999. Piercing the corporate veil is therefore no longer a viable cause of action. "[A]n attempt of a third party to pierce the corporate veil does not constitute a cause of action independent of that against the corporation; rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners." *Morris v. N.Y. State Dep't of Taxation and Fin.*, 82 N.Y.2d 135, 141, 603 N.Y.S.2d 807, 623 N.E.2d 1157 (1993).

We have considered Appellant's remaining contentions and conclude they are without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.